

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 6, 1939

Honorable Wm. B. Martin
Assistant District Attorney
Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. 0-245
Re: Taxability of rolling stock
of a truck line that passes
through the county.

This is in answer to your letter of March 3, 1939, which
reads, in part, as follows:

"This office would appreciate an opinion
on the following question: May a county collect
any monies from truck companies that pass through
the county when they load and unload supplies and
goods?

"To make the question a little better: Cer-
tain truck companies have stations, as railroads
do, where they load and unload freight. These
truck lines will put on a load in Ft. Worth or
some other place and when they get to Hillsboro
they will put off what goes to Hillsboro and
then go on. Some of the companies keep agents
here to do the work. The county wants to tax
them if possible."

We assume that you are referring to ad valorem taxes.
This question was answered in an opinion by this department, dated
May 5, 1930, written by H. Grady Chandler, Assistant under Attor-
ney General Pollard, in which it was said that McLennan County did
not have the right to tax trucks that operated regularly through
that county but were owned by a corporation whose principal office
was in another county, and the opinion held as follows:

"The rolling stock of a motor transporta-
tion company which is operated through five

counties is taxable only at the principal of-
fice of the owner."

It was pointed out in that opinion that ordinarily personal prop-
erty "is taxable only at the domicile of its owner" but that it
may acquire a taxable situs in a county where it is continuously
used (Great Northern Life Insurance Company vs. City of Austin,
112 Tex. 1, 243 S.W. 778, 26 R.C.L. 273), and as the motor trucks
in question were used in several counties that they could not ac-
quire a taxable situs outside of the owner's domicile.  It was al-
so pointed out that the rule as to the situs for taxation of roll-
ing stock of railroads is different by virtue of Article VIII,
Section 8, of the Constitution of Texas, and Article 7169 of the
Revised Civil Statutes of Texas.

At the time this opinion by Mr. Chandler was written
there were no appellate court decisions on the question, but on
November 29, 1931, the Court of Civil Appeals at Fort Worth, in
the case of City of Fort Worth vs. Southland Greyhound Lines, Inc.,
67 S.W. (2d) 354, expressly confirmed Mr. Chandler's opinion, and
held that the City of Fort Worth could not tax buses owned by a
corporation whose domicile was in San Antonio, Texas, even though
the buses were stationed in Fort Worth part of the time, and in
that case the court said:

"Is the rolling stock of a motor transpor-
tation company, incorporated under the laws of
and having its principal office in the state of
Texas, which operates between numerous large
cities in the state of Texas, and with its domi-
cile at San Antonio, due and payable in Bexar
county, or a portion of which is due and payable
at Fort Worth, in Tarrant county?* * *

"In volume 26, R.C.L., Sec. 246, it is said:
* * *

"As between the different counties, cities
and towns of a state, the right of the legisla-
ture to regulate the situs of rolling stock for
purposes of taxation is of course plenary. When
no special provision has been made it is usually
held that the situs for the taxation of the roll-
ing stock of a railroad is the city or town in
which the railroad company's principal office is
located and that railroad rolling stock has no
situs for purposes of taxation in towns in which
its trains stop only temporarily to receive and
discharge freight and passengers. * * *

"10 Ann. Cas. p. 356, says:

"It is the general rule that in the absence of a statute providing otherwise, the rolling stock of a steam railroad company has its situs for the purposes of taxation at the principal office of the company, as it is personalty and its situs is that of its owner. Under this rule it has been held that such property is taxable at the principal office in the domicile of the company. * * *

"We believe that the same rule holds with reference to motorbusses as to railroads with a principal office in the state, and vessels operating between ports, though we have not been cited to a case determining the situs for taxation purposes of the rolling stock of a motor bus company. * * *

"We conclude that the appellee was not liable for taxes assessed against its rolling stock in Tarrant county."

This opinion of the Court of Civil Appeals was approved by the Supreme Court of Texas in the case of City of Fort Worth vs. Southland Greyhound Lines, Inc., 123 Tex. 13, 67 S.W. (2d) 361.

It may be that these truck companies you mention have some personal property such as station equipment and office furniture that is permanently located in Hillsboro which has acquired a taxable situs there; but we assume that the property you are interested in are the trucks that pass through Hillsboro, stopping there to load and unload freight.

We still adhere to the former opinion of this department on this question; and, therefore, our answer to your question is that a county cannot collect ad valorem taxes on trucks that pass through the county, stopping only to load and unload freight, if those trucks are owned by a person or a corporation whose domicile is in another county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Rotsch

Cecil C. Rotsch
Assistant

CCR:FG

APPROVED:

ATTORNEY GENERAL OF TEXAS